1  Eric P. Oren, #106129
   **LAW OFFICES OF ERIC P. OREN, INC.**
2  225 West Shaw Avenue, Suite 105
   Fresno, California 93704
3  Tel: (559) 224-5900 *(Fresno)*
   Tel: (661) 401-7621 *(Bakersfield*
4  Facsimile: (559) 224-5905

5  Attorneys for Plaintiff, REBECCA JAMES

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| REBECCA JAMES<br><br>               Plaintiff,<br><br>        v.<br><br>AGTAC SECURITY SERVICES, LLC.,<br>BRUCE KIEFER and DOES 1 through 50,<br>inclusive,<br><br>               Defendants. | Case No:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ., HARASSMENT BASED ON RACE AND COLOR**<br>2. **VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ., DISCRIMINATION BASED ON RACE AND COLOR**<br>3. **VIOLATION OF GOVERNMENT CODE SECTION 12940 ET SEQ., DISCRIMINATION BASED ON SEX**<br>4. **HARASSMENT BASED ON SEX**<br>5. **RETALIATION**<br>6. **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT**<br>7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>8. **VIOLATION OF LABOR CODE SECTION 1198.5**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, REBECCA JAMES alleges as follows:

## INTRODUCTION

1.     This employment action seeks compensatory, punitive damages and penalties from Defendants AGTAC SECURITY SERVICES, LLC ("AGTAC"), BRUCE KIEFER

1

**COMPLAINT FOR DAMAGES**

("KIEFER") and DOES 1 through 35, inclusive, for violating various rights under the Fair Employment and Housing Act ("FEHA") in connection with Plaintiff's employment with Defendant AGTAC.

**JURISDICTION**

2.      This court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and an amount in controversy greater than $75,000.

**VENUE**

3.      Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint happened in this District and Plaintiff resides in Fresno, California while the Defendants reside outside of California.

**THE PARTIES**

4.      Plaintiff, REBECCA JAMES (hereinafter "Plaintiff" or "JAMES") is an African-American/black female and a resident of Fresno County, California.  Plaintiff was an employee of Defendants, AGTAC SECURITY SERVICES, LLC ("AGTAC") and DOES 1 through 20, inclusive, from on or about October 25, 2016 through her wrongful termination on or about December 11, 2018.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant AGTAC is a foreign corporation with its principal place of business in Nebraska, and is a corporation licensed to do business in the State of California and at all times relevant and alleged herein was doing business in the State of California, and continues to do business, in Fresno County, California.  At all times alleged herein, AGTAC was and is an employer and/or joint employer along with DOES 1 through 20, inclusive, as defined in the meaning of California Government Code section 12926(d) and the California Fair Employment and Housing Act (FEHA).

6.      Plaintiff is informed and believes, and thereon alleges, that Defendant BRUCE KIEFER ("KIEFER"), is an individual who, at the time of the events described herein was a resident of Fresno County, California, and at all times relevant herein, was a manager and/or managing agent of AGTAC and had direct and indirect supervisory authority over Plaintiff and was her actual and/or ostensible supervisor at all times relevant herein within the meaning of

**COMPLAINT FOR DAMAGES**

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

Government Code section 12926 subdivision (t).  At all times herein, Defendants AGTAC and DOES 1 through 20, inclusive and other managing agents, aided, abetted, authorized, condoned, conspired with and/or ratified the acts of Defendant KIEFER and DOES 21 through 35, as alleged herein.  Plaintiff is informed and believes that KIEFER currently resides in the state of Oregon.

7.     The true names and capacities of the Defendants named herein as DOES 1 through 50, inclusive, whether an individual, public entity, corporate or otherwise, are unknown to the Plaintiff.  When Plaintiff obtains information supporting a claim against any Doe Defendant, she will seek leave to amend her Complaint and will assert appropriate charging allegations.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendants, DOES 1 through 50, and each of them, are the agents and/or employees and/or parent, subsidiary or sister corporations of each other and are responsible for the acts complained of herein and in so acting were functioning as the owner, shareholder, principal, agent, employer, servant, partner, joint venturer, alter-ego, employee, proxy and/or managing agent of the co-Defendants herein, and in performing the acts mentioned herein were acting, at least in part, within the course and scope of such authority and with the permission and consent of the co-Defendants.

9.     Plaintiff is informed and believes, and thereon alleges that the above Co-Defendants, managing agents, and supervisors, aided, abetted, condoned, permitted, approved, authorized and/or ratified the unlawful acts of AGTAC, KIEFER, and all DOE defendants as described herein.

10.    Defendants AGTAC and DOES 1 through 20, inclusive, are employers within the meaning of California Government Code section 12926(d) and, as such, was and is barred from unlawfully harassing and/or retaliating against an employee on the basis set forth in California Government Code section 12920, *et seq*. and California Government Code section 12940, *et seq*.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

**COMPLAINT FOR DAMAGES**

11.     AGTAC provides security services including uniformed security officers to various business entities across the nation and specializes in providing security services to the agricultural and industrial sectors.

12.     On or about October 25, 2016, Plaintiff was hired to work as the Site Manager for AGTAC at Harris Beef Ranch in Fresno, California.  In Plaintiff's position as Site Manager, Plaintiff's duties consisted, amongst other things, preparing the schedule for the security guards which AGTAC provided to and working at Harris Beef Ranch.  Plaintiff was the only African-American, female management employee at AGTAC'S Harris Beef Ranch location. During Plaintiff's employment with AGTAC, Defendant, KIEFER, a Caucasian man, became AGTAC'S Director of Security and Plaintiff's direct Supervisor.

13.     During Plaintiff's employment with AGTAC, KIEFER frequently engaged in unwelcomed, unsolicited and offensive, harassing and discriminatory conduct towards Plaintiff on the basis of her race, color and sex/gender (female) which took a variety of forms including but not limited to:

(1)     KIEFER telling Plaintiff on several occasions that he was Plaintiff's "master" and telling Plaintiff while reprimanding her in a letter that stated, in part ". . . As I have stated in the past and will once again state, you have four (4) masters in your position. The client. AgTac Services, LLC (me), California State regulatory agency (BSIS), your officers…." KIEFER'S letter shows that a copy was mailed to AGTAC's Human Resources Department.

(2)     KIEFER, on more than one occasion, pointing his finger in Plaintiff's face in a threatening manner and yelling at her that she "better become a good manager" and that she better "watch her back";

(3)     KIEFER repeatedly threatening to terminate Plaintiff;

(4)     KIEFER telling AGTAC'S security guards that a woman should not be in Plaintiff's position;

(5)     KIEFER telling Plaintiff that he doesn't want to deal with women;

**COMPLAINT FOR DAMAGES**

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

(6)     KIEFER requiring that Plaintiff work more hours than male Site Managers employed by AGTAC;

(7)     KIEFER telling Plaintiff that she needed to dress differently and to wear slacks and a polo shirt at work so the security guards would see her as their manager;

(8)     KIEFER telling Plaintiff she needed to be more like AGTAC'S male Site Managers and comparing her to male Site Managers employed with AGTAC.

14.     Plaintiff reasonably and in good faith believed she was subjected to illegal harassing and discriminatory conduct by Defendants as alleged herein.  Plaintiff opposed the conduct and because of her opposition to that conduct, faced retaliation from Defendants.

15.     Plaintiff opposed the unlawful conduct by KEIFER, as alleged herein, by complaining verbally and in writing on multiple occasions to AGTAC'S corporate employees, including directly to AGTAC'S corporate President who assured Plaintiff that he would take care of the situation but failed to do so.  Plaintiff also complained, amongst others, directly to AGTAC'S corporate Vice President and Director of Operations who also ignored Plaintiff's complaints.   When Plaintiff received KIEFER'S letter where he informed her that she had four "masters" at AGTAC, Plaintiff contacted AGTAC to complain about the harassing and discriminatory use of the word master by KIEFER although KIEFER provided the letter to AGTAC'S Human Resources Department.  In response, Plaintiff was only told by AGTAC that they did not understand why KIEFER used the word master.

16.     Plaintiff is informed and believes and thereon alleges that KIEFER only used the word master when addressing Plaintiff, an African-American/black women at AGTAC.

17.     Although Plaintiff made several complaints to AGTAC regarding KIEFER'S unlawful conduct in the workplace the harassing and discriminatory conduct by KIEFER continued.  Plaintiff was never informed by AGTAC that an investigation would be conducted in response to her multiple complaints made against KIEFER, including her complaint regarding KIEFER'S use of the word master in the workplace, nor did AGTAC interview Plaintiff as part of an investigation or inform Plaintiff of any results of an investigation, including any disciplinary action taken against KIEFER for his unlawful conduct in the workplace.

5

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

18.     Defendants retaliated against Plaintiff by, amongst other things (as alleged herein), subjecting Plaintiff to unfair and unusual scrutiny of her overall job performance, failing to conduct a timely and meaningful investigation of Plaintiff's complaints, failing to take prompt and effective measures to stop KIEFER from continuing his harassing and discriminatory conduct, failing to effectively implement policies to prevent discrimination and harassment, failing to properly train KIEFER, failing to discipline and correct KIERER'S illegal conduct, and terminating Plaintiff from her employment after she made multiple complaints to Defendants' corporate headquarters about the unlawful conduct by KIEFER in the workplace.

19.     Following Plaintiff's unlawful termination from AGTAC, AGTAC further engaged in retaliatory conduct against Plaintiff by refusing to provide Plaintiff, on more than one occasion, with a copy of her personnel file in violation of California law.

20.     The unwelcomed, unsolicited, offensive, and degrading conduct of Defendants created a hostile working environment and intolerable working conditions for Plaintiff.

21.     At all times mentioned in this complaint Defendant KIEFER was acting within the course and scope of his employment with Defendant AGTAC.

22.     As an employee of AGTAC, Plaintiff was entitled to all of the benefits provided by Defendants' personnel policies, procedures, and practices.

23.     Plaintiff is informed and believes, and thereon alleges, that AGTAC had an Employee Handbook which included a policy prohibiting harassment and discrimination in the workplace.   Although AGTAC had an express anti-harassment and discrimination policy, Defendants repeatedly engaged in unwelcomed harassing and discriminatory conduct in the workplace directed to Plaintiff.

24.     Defendants' express explicit, and or implicit approval of the inappropriate and illegal conduct of its agent and employee, KIEFER, was exemplified by their failure to promptly and thoroughly investigate Plaintiff's complaints, appropriately address and discipline KIEFER regarding his illegal behavior.

25.     Plaintiff has exhausted her administrative remedies according to law.   On or about November 19, 2019, Plaintiff filed a complaint and subsequently filed an amended

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

**COMPLAINT FOR DAMAGES**

complaint with the Department of Fair Employment and Housing (DFEH) which alleges the violations of the Fair Employment and Housing Act which is the subject of this legal action.

26.     On or about November 22, 2019 and November 2, 2020 Plaintiff received a Right to Sue Letter from the DFEH with respect to Defendants, allowing her to proceed with this legal action.  Plaintiff has complied with all prerequisites to jurisdiction of this Court under California Government Code section 12900, *et seq.*, and has, therefore, exhausted her administrative remedies.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF GOVERNMENT CODE SECTION 12940 (j)(1)**
**HARASSMENT BASED ON RACE**
**(Against all Defendants and DOES 1 through 45, inclusive)**

27.     The allegations or paragraphs 1 through 26, inclusive, are re-alleged and incorporated herein by this reference.

28.     California Government Code section 12940 (j)(1) provides in pertinent part as follows:

> It shall be an unlawful employment practice unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:
>
> (j)(1) For an employer, labor organization, employment agency, apprenticeship training program or any training program leading to employment, or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation, to harass an employee …. **Harassment** of an employee, an applicant, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action.

29.     Defendants, and each of them are employers within the meaning of Government Code section 12940 (j)(4)(A) and Government Code section 12926(d) and as such are prohibited from harassing against its employees on the basis of race and color.

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

**COMPLAINT FOR DAMAGES**

30.     During the course of Plaintiff's employment, Defendants engaged in a pattern of discrimination and harassment based on Plaintiff's race and color, as alleged herein. Defendants' discriminatory actions against Plaintiff, as alleged above, constitute unlawful discrimination and harassment based on plaintiff's race and color in violation of California Government Code section 12940, et seq.

31.     Plaintiff, at all times, had the right to work in an environment free of employment discrimination and harassment on the basis of race.

32.     The aforesaid behavior, conduct, comments and retaliation by the Defendants and their agents, representatives, and employees, created a work environment that was intimidating, hostile, oppressive and offensive to Plaintiff and which deprived Plaintiff of the benefit of a discrimination-free work environment all in violation of California Government Code section 12940 et seq.

33.     Defendants further violated Plaintiff's rights in that they, amongst other acts or omissions to act:

a. Failed to provide Plaintiff with employment conditions and a relationship where she could safely work, free from verbal, direct, and indirect harassment;

b. Failed to take appropriate action when they knew or should have known of the harassment and retaliation against Plaintiff.

c. Failed to take appropriate and/or effective remedial action against those who perpetrated, acquiesced, and ratified, and ignored the harassment and retaliation against Plaintiff;

d. Failed to discharge, suspend, reprimand or otherwise discipline supervisors who perpetrated, acquiesced in, ratified, or ignored obvious harassment of and retaliation against Plaintiff; and

e. Failed to adopt and/or disseminate, adhere to or enforce an effective anti-harassment policy with respect to management, supervisors, staff, and employees.

f.     Failed to take all reasonable steps to prevent harassment from occurring.

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

**COMPLAINT FOR DAMAGES**

34.     As a result of Defendant's unlawful harassment against Plaintiff on the basis of race and color, Plaintiff has suffered and will continue to suffer losses as follows:

1.     economic damages;

2.     non-economic damages;

3.     attorneys' fees and costs; and

4.     expert witness fees.

35.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

36.     Plaintiff has incurred, and will continue to incur, legal expenses and attorney's fees.   Plaintiff is presently unaware of the precise amount of these fees and expenses and prays leave of court to amend the complaint when the amounts are fully known.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF GOVERNMENT CODE SECTION 12940 et seq.**
**DISCRIMINATION BASED ON RACE AND COLOR**
**(Against Defendants AGTAC, and DOES 1 through 20, inclusive)**

37.     The allegations of paragraphs 1 through 26, inclusive, are re-alleged and incorporated herein by this reference.

38.     Defendants discriminated against Plaintiff in regards to the terms, conditions or privileges of her employment on the basis of her race and color in violation of Government Code section 12940(a) by amongst other things (as alleged herein) making discriminatory and harassing remarks to Plaintiff in the workplace based on her race and color.

39.     AGTAC and DOES 1 through 20, inclusive knew or should have known of the harassing and discriminatory actions of KIEFER.  Defendants failed to take immediate and appropriate corrective action to stop the harassment and discrimination of Plaintiff.

40.     Defendants engaged in a pattern and practice of discrimination against Plaintiff on the basis of her race and color.   Such ridicule, harassment and discrimination included loss of tangible job benefits, and creating a hostile work environment as alleged herein.

**COMPLAINT FOR DAMAGES**

41.     As a result of Defendant's unlawful discrimination and harassment against Plaintiff on the basis of race and color, Plaintiff has suffered and will continue to suffer substantial losses as follows:

      1.     economic damages;

      2.     non-economic damages;

      3.     attorneys' fees and costs;

      4.     expert witness fees.

42.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

43.     Plaintiff has incurred, and will continue to incur, legal expenses and attorney's fees.   Plaintiff is presently unaware of the precise amount of these fees and expenses and prays leave of court to amend the complaint when the amounts are fully known.

<u>**THIRD CLAIM FOR RELIEF**</u>
**VIOLATION OF GOVERNMENT CODE SECTION 12940 et seq.**
**DISCRIMINATION BASED ON SEX**
**(Against Defendants AGTAC and DOES 1 through 20, inclusive)**

44.     The allegations or paragraphs 1 through 26, inclusive, are re-alleged and incorporated herein by this reference.

45.     During Plaintiff's employment with AGTAC, Defendants and each of them, engaged in a continuing course of conduct violative of the law and public policy of the state of California, as set forth in Government Code section 12940, et seq., in breach of their statutory duty to Plaintiff by discriminating against Plaintiff on the basis of her sex/gender and in engaging in the acts alleged herein.

46.     Further, Defendants engaged in a practice and pattern of discrimination against Plaintiff on the basis of her sex/gender.  Such ridicule, harassment and discrimination included loss of tangible job benefits and creating a hostile work environment and ultimately the termination of Plaintiff as alleged herein.

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

**COMPLAINT FOR DAMAGES**

47.     As a result of Defendant's unlawful discrimination and harassment against Plaintiff on the basis of her gender/sex, Plaintiff has suffered and will continue to suffer substantial losses as follows:

     1.     economic damages;

     2.     non- economic damages;

     3.     attorneys' fees and costs.

     4.     expert witness fees

48.     Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

49.     California Code of Civil Procedure section 1201 provides that attorneys' fees are recoverable in action for which they are specifically provided for by statute.  Government Code section 12965, et seq., provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party within the discretion of the Court.  As a result, Plaintiff is entitled to reasonable attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
**VIOLATION OF GOVERNMENT CODE SECTION 12940 (j)(1)**
**HARASSMENT BASED ON SEX**
**(Against all Defendants and DOES 1 through 45)**

50.     The allegations or paragraphs 1 through 26, inclusive, are re-alleged and incorporated herein by this reference.

51.     At all times herein mentioned, California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12900, et seq., was in full force and effect and was fully binding upon Defendants. Specifically, Cal. Gov't Code § 12940(j) prohibits an employer from sexually harassing an employee on the basis of her sex.

52.     During the time Plaintiff was employed with Defendants, she was subjected to conduct which she reasonably and in good faith believed was harassing and discriminatory based on her sex/gender as alleged herein.

**COMPLAINT FOR DAMAGES**

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

53.     The actions of Defendants, and each of them, towards Plaintiff, as described herein, was severe and pervasive and created an intimidating, offensive and hostile work environment and was unwanted, unwelcome, and uninvited, which materially altered Plaintiff's working conditions and which constitutes harassment based on sex/gender in violation of Gov't Code § 12940(j)(1).  Any reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

54.     The Defendants failed to maintain and enforce an adequate sexual harassment policy and/or to adequately train its employees, including management, regarding sexual harassment in accordance with Government Code section 12950.

55.     The Defendants and co-defendants, and each of them, knew or should have known of the unwelcomed, unsolicited, and offensive conduct, but instead condoned and ratified the conduct by their acquiescence in and/or refusal to recognize, adequately train, correct or remedy the offensive environment that existed in the workplace.

56.     As a proximate cause of Defendants' harassing conduct and the maintenance of a hostile work environment, Plaintiff has been harmed in that she has suffered the following damages:

   1.     economic damages;

   2.     non- economic damages;

   3.     attorneys' fees and costs.

   4.     expert witness fees

57.     Code of Civil Procedure section 1021 provides that attorney's fees are recoverable in an action for which they are specifically provided by statute.  Government Code section 12965(b) provides that reasonable attorney's fees and costs are recoverable herein by the prevailing party, within the discretion of the Court.  Plaintiff has retained an attorney for the prosecution of this action.  As a result, Plaintiff is entitled to her reasonable attorney's fees, expert witness fees, and costs herein incurred.

**FIFTH CLAIM FOR RELIEF**
**RETALIATION**
**(Against Defendants AGTAC, and DOES 1 through 20, inclusive)**

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

**COMPLAINT FOR DAMAGES**

58.     The allegations of paragraphs 1 through 26, inclusive, are re-alleged and incorporated herein by this reference.

59.     Defendants, and each of them, unlawfully retaliated against Plaintiff in violation of Government Code section 12940(h) by amongst other things (as alleged herein) terminating her employment after Plaintiff opposed and complained of Defendant KIEFER'S offensive, harassing and discriminatory conduct in the workplace.

60.     As a result of Defendants retaliation against Plaintiff, Plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and emotional and physical distress.  Defendants are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## SIXTH CLAIM FOR RELIEF
### FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT
**(Against Defendants AGTAC and DOES 1 through 20, inclusive)**

61.     The allegations set forth in paragraphs 1 through 26, inclusive, are re-alleged and incorporated herein by reference.

62.     Defendants, and each of them, failed to take all reasonable steps to prevent the harassment and discrimination in the workplace against Plaintiff and is a violation of California Government Code section 12940(j)(1) and (k).  Government Code section 12940(k) permits a claim for failure to prevent or investigate discrimination and harassment from occurring.  In violation of Government Code sections 12940(j) and (k), Defendants and/or their managing agents and DOES 1 through 20, inclusive and supervisory employees failed to take all reasonable steps necessary to prevent Defendant KIEFER  from harassing and discriminating against Plaintiff by failing to conduct a prompt, fair and thorough investigation of Plaintiff's complaints of harassment and discrimination, failing to appropriately discipline KIEFER and failing to properly train, supervise and instruct employees regarding harassment and discrimination on the basis of race, color and sex/gender.  As a proximate result of these violations and failures on the part of Defendants, and each of them, Plaintiff has suffered harm as alleged herein.

63.     At all times relevant herein, Defendants, and each of them, were employers within the meaning of Government Code section 12940(j)(4)(A) and, as such, were barred from

13

**COMPLAINT FOR DAMAGES**

discriminating in employment decisions or harassing, discharging, or retaliating against an employee on the basis of race, color and sex/gender or because such employee opposed practices that are made illegal by Government Code section 12940 et seq.

64.    In doing the acts and/or failing to do the acts alleged hereinabove, the Defendants and each of them engaged in discriminatory acts and conduct with malice toward Plaintiff and/or reckless indifference to her statutorily protected rights and conscious disregard of the rights, both statutory and common law, guaranteed to Plaintiff by the State of California.   As such, Defendants are guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

65.    Code of Civil Procedure section 1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute.  Government Code section 12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court.  Plaintiff has retained an attorney for the prosecution of this action.   As a result, Plaintiff is entitled to her attorneys' fees, expert witness fees, and costs herein incurred.

**SEVENTH CLAIM FOR RELIEF**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Against AGTAC and DOES 1 through 20, inclusive)**

66.    The allegations of paragraphs 1 through 26, inclusive, are re-alleged and incorporated herein by this reference.

67.    Defendants' actions as previously alleged violated the fundamental public policy as set forth in Government Code section 12940, et seq., the common law of California and as prohibited by Article I, Section 8 of the California Constitution and in violation of Title VII of the Civil Rights Act of 1964 amended.  At all times mentioned herein, Government Code section 12940 et seq. was in full force and effect and binding upon Defendants.

68.    Plaintiff is informed and believes, and thereon alleges, that her termination from Defendants AGTAC and DOES 1 through 20, inclusive was not based on any legitimate business reason and that Plaintiff performed her employment duties in a satisfactory manner.

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

**COMPLAINT FOR DAMAGES**

69.     Plaintiff is informed and believes, and thereon alleges, that her complaints of harassment and discrimination by KIEFER were substantial factors in Defendants' hostility and retaliation against Plaintiff including the wrongful termination of her employment.

70.     As a proximate cause of Defendants' actions in wrongfully refusing to abide by the statutory provisions set forth above, Plaintiff has been harmed in that Plaintiff has suffered the following damages:

      1.  economic damages;

      2.  non-economic damages;

      3.  attorneys' fees and costs;

      4.  expert witness fees.

71.     Punitive damages are further warranted as to Defendants under Civil Code section 3294 on the ground that Defendants authorized and/or ratified the wrongful conduct identified above and were themselves guilty of oppression, fraud and malice, for which damages should be awarded.

72.     Plaintiff has incurred, and will continue to incur, legal expenses and attorney's fees.   Plaintiff presently unaware of the precise amount of these fees and expenses and prays leave of court to amend the complaint when the amounts are fully known.

**EIGHTH CLAIM FOR RELIEF**
**VIOLATION OF LABOR CODE SECTION 1198.5**
**(Against AGTAC and DOES 1 through 20, inclusive)**

73.     The allegations of paragraphs 1 through 26, inclusive, are re-alleged and incorporated herein by this reference.

74.     Employers in California are required to maintain a copy of each employee's personnel records and make a current or former employee's personnel records available for inspection, and, if requested by the employee or his or her representative, provide a copy thereof. Cal. Labor Code § 1198.5et seq. Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee. (*Ibid.*)

**COMPLAINT FOR DAMAGES**

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

75.     Employers are required to make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request. Cal. Labor Code§ l 198.5(b)(l).

76.     Plaintiff sent a written request to AGTAC via certified mail/return receipt for her personnel records on July 29, 2019 and on October 23, 2019.  AGTAC received Plaintiff's written requests on August 2, 2019 and October 28, 2019 but knowingly and intentionally failed to provide Plaintiff with a copy of her personnel records in violation of Labor Code section 1198.5 et seq.

77.     Plaintiff has been prejudiced in her efforts to obtain relief by her inability to access critical employment information.

78.     AGTAC has violated Labor Code section 1198.5 by failing to provide employee personnel records within thirty (30) days of the initial request for their production.  As a result, Plaintiff is entitled to recover the seven-hundred and fifty-dollar ($750) penalty from AGTAC provided by Labor Code section 1198.5(k).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectively prays as follows:

1.     For compensatory damages including, but not limited to, past and future lost wages, lost employee benefits (with interest on said amounts), diminished employability, other economic injury, and emotional distress damages, all in an amount according to proof;

2.     For economic and non-economic damages, according to proof;

3.     For exemplary and punitive damages, according to proof;

4.     For pre-judgment interest under Civil Code section 3288, as well as other applicable statutory authority;

5.     For costs of suit, including reasonable attorneys' fees and expert witness fees pursuant to government code 12965(b);

6.     For all penalties, including a $750 penalty for AGTAC'S personnel file violation pursuant to Labor Code section 1198.5(k); and

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

**COMPLAINT FOR DAMAGES**

1    7.    For such other and further relief as the Court may deem just and proper.

2                    **<u>DEMAND FOR JURY TRIAL</u>**

3    Plaintiff hereby requests a jury trial on all issues raised in this complaint.

4

5    DATED:  November 18, 2020                Respectfully submitted,

6                                             By:_____

7                                             Eric P. Oren, Attorney for Plaintiff,
                                              REBECCA JAMES

8

9

10   C:\Users\lg\Dropbox\epo\JAMES, Rebecca 00341\PLEADINGS\CIVIL COMPLAINT-RVSD.docx

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
ERIC P. OREN, INC.
225 W. Shaw Ave., Suite 105
Fresno, California  93704

**COMPLAINT FOR DAMAGES**